## (November 27, 1962)

■ JAY P. LEVINE, Respondent, v. REGINALD C. MILES, Appellant.

APPEAL from a judgment of the Supreme Court in favor of plaintiff, entered January 18, 1962, in Bronx County, upon a verdict rendered at a Trial Term.

Per Curiam. In this action to recover for personal injuries, we believe the verdict to be against the weight of the credible evidence. Plaintiff was riding horseback on a trail in the Adirondack Mountains. He lost control of his horse and the animal left the trail and carried plaintiff onto a highway, where he and the horse were hit by defendant's automobile. The defendant was proceeding at a legal rate of speed, somewhat under 50 miles an hour, and at a place in the roadway where there was no occasion to anticipate any cross-traffic. There was nothing in the testimony to warrant the conclusion that the defendant either saw or should have seen the plaintiff in time to avoid the collision. In fact, the opposite conclusion is supported by the weight of the testimony. However, we feel that a clearer presentation in regard to the physical features of the site and the relative positions of the actors in the incident would establish the facts with greater certainty. So in the exercise of discretion and in the interests of justice, a new trial is ordered.

Furthermore, it was error to charge in relation to former section 67 of the Vehicle and Traffic Law (since repealed). The section deals with an entirely different situation, namely, the duty of a motorist who overtakes or meets horses or other draft animals on the road. It is designed to prevent accident due to the animal's being frightened by the appearance or sound of the motor vehicle, and requires the driver to stop on being signalled by the rider or driver of the horse that such a contingency is imminent. Obviously, this statute has no application to the situation presented here.

The judgment should be reversed on the facts and on the law, and in the exercise of discretion, and a new trial ordered, with costs to appellant to abide the event.

Rabin, J. P., Valente, Eager, Steuer and Bergan, JJ., concur.

Judgment unanimously reversed on the law and on the facts and in the exercise of discretion, and a new trial ordered, with costs to appellant to abide the event.